**JOHNSON, Estate of, In re: JOHNSON, Admrx., Appellant, v. JACKSON et, Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24426.   Decided May 28, 1958.

Frank C. Lyons, for appellant.

Austin T. Klein, for appellees (Mabel Jackson, Esau Johnson, Mary Cole).

(HUNSICKER, PJ, DOYLE and STEVENS, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION
By HUNSICKER, PJ.

This is an appeal on questions of law from a judgment of the Probate Court of Cuyahoga County, Ohio.

Ludie Johnson died intestate on January 10, 1957, leaving, as his heirs and next of kin, his widow, Lucinda Johnson, a son, Esau Johnson, and two daughters, Mabel Jackson and Mary Cole. The surviving spouse, Lucinda Johnson, is the stepmother of the children above, all of whom are of full age.

Lucinda Johnson was appointed administratrix of the estate of her deceased husband, and in due course. filed the inventory and appraisement of the estate. This inventory and appraisement was approved by the court on March 20, 1957. The journal entry of approval reads as follows:

"It appearing to the court that all parties having an interest in the estates hereinafter named have been given notice, according to law, of the hearing of the inventory, or inventory and appraisement, filed in the said estates, by publication in a newspaper of general circulation in this county; and it further appearing to the court that no exceptions to said inventory, or inventory and appraisement, have been filed; and the court being satisfied, on examination of said inventories, that they are in all respects correct and true, it is, therefore, by the court ordered that the said inventories be and they are hereby approved and confirmed and ordered to be recorded."

The transcript of docket and journal entries contains a statement dated August 8, 1957, reading as follows:

"Motion, petition and/or application to diminish year's allowance of widow filed."

On December 12, 1957, this matter came on for hearing before the Probate Court, and the following journal entry of judgment was journalized:

"This matter came on for hearing on the 12th day of December, 1957, on the motion to diminish year's allowance of widow and upon the evidence, and the court being fully appraised of the facts, finds that the amount of the year's allowance to the widow of the decedent as set upon the inventory and appraisal is excessive and that such year's allowance should be reduced from $3,600 to $1,800. Wherefore it is ordered, adjudged and decreed that the year's allowance herein be reduced from $3,600 to $1,800. Exceptions to widow."

Notice of appeal on questions of law and fact, later reduced to an appeal on questions of law, was filed; and it is such appeal from this judgment of December 12, 1957, that is now before this court for determination.

Sec. 2115.16 R. C., says, in part:

"Exceptions * * * to the year's allowance may be filed at any time prior to five days before the date set for the hearing or the date to which such hearing has been continued by any person interested in the estate or in any of the property included in the inventory, but such time limit for the filing of exceptions shall not apply in case of fraud or concealment of assets. * * *"

Sec. 2101.04 R. C., says:

"The several judges of the probate court shall make rules regulating the practice and conducting the business of the court, which they shall submit to the supreme court. In order to maintain regularity and uniformity in the proceedings of all the probate courts, the supreme court may alter and amend such rules and make other rules."

Rule 13 of Rules of Practice adopted by the Probate Court of Cuyahoga County, says:

"Year's Allowance

"The Court shall not consider a petition to review the allowance made to a widow or children under §2117.22 R. C., unless such petition is filed within the time allowed for filing exceptions to the inventory, provided however, that any interested party who did not have notice of the filing of the inventory may file such petition within four months after the approval of the inventory. In such case, at least five days notice shall be given to the widow, children and fiduciary."

The Supreme Court of Ohio has determined the force and effect of a rule such as we have herein, when it said, in the case of **Brown v. Mossop, Admr., 139 Oh St 24:**

"1. Courts possess the inherent power to adopt such reasonable rules as they may deem necessary to govern their proceedings and to facilitate the administration of business, not in conflict with the organic law or a valid statute. (**Paragraphs 1** and **2** of the syllabus in the case of **Meyer v. Brinsky, 129 Oh St 371,** approved and followed.)

"2. Rule 13 of the Uniform Rules of Practice in the Probate Courts of Ohio, adopted pursuant to §10501-13 GC, and prescribing the time within which a petition shall be filed to secure a review of the allowance made to a widow or children under §10509-77 GC, is reasonable and valid."

The Rule 13 mentioned in that case is identical with the Rule 13 adopted by the Judges of the Probate Court of Cuyahoga County, Ohio.

Thereafter, the Supreme Court said:

"2. The amount of such allowance must be fixed in the first instance by the appraisers of the husband's estate, subject to be increased or diminished on review by the Probate Court on application therefor by the widow or other interested parties. Such parties as have notice of the filing of the inventory in the husband's estate must file the application within the time allowed for filing exceptions to the inventory; and when the judgment of the Probate Court becomes final in respect to such allowance, the amount thereof may not thereafter be increased or diminished." **In re Estate of Croke: Clancy, Exrx., v. Cleveland Trust Co., Exr., 155 Oh St 434.**

The judgment in the instant case gives no reason why the widow's allowance should be decreased, except that the amount allowed was excessive.

We find that the order allowing the sum of $3,600 for the support of the widow, Lucinda Johnson, was approved by the Probate Court on March 20, 1957, and that more than four months later the application to diminish this award was filed in that court, in contravention of Rule 13. The Probate Court, under the circumstances found in this case, did

not then have the power to diminish the allowance for the support of the widow for the reason assigned in the judgment entry. The time, within which an exception to the award could be taken because of its being excessive, had elapsed by reason of the force of the court's own rule, adopted as authorized by the statutes of the state of Ohio.

The judgment herein is reversed, and the cause remanded to the Probate Court, with instructions to reinstate the original allowance made for the surviving spouse, Lucinda Johnson.

Judgment reversed and cause remanded.

DOYLE and STEVENS, JJ, concur.